Supreme Court, April, 1913.  [Vol. 80.

Matter of the Application of the CITY OF NEW YORK,
Relative to Amending the Proceeding to Acquire
Title to East 177th Street (Wyatt Street), from Tre-
mont Avenue to Morris Park Avenue, and Bronx
Park Avenue, from Tremont Avenue to Morris Park
Avenue, in the Borough of the Bronx, City of New
York.

(Supreme Court, New York Special Term, April, 1913.)

Condemnation proceedings — city of New York — acquisition of land
for public streets — decision of commissioners of estimate and
assessment — court without power to alter decision of commis-
sioners.

Where the board of estimate and apportionment of the city
of New York, under the authority of section 442 of the charter,
decides that it is for the public interest that the lines of streets
to be acquired should be changed and adopts a resolution ex-
cluding from the lines of the streets, as laid out on the final
map of the city, certain lands which the commissioners of esti-
mate and the commissioner of assessment had been previously
appointed to condemn, the court is without power to alter such
decision; and a motion to conform the condemnation proceed-
ing to said resolution must be granted.

MOTION to amend condemnation proceedings.

Archibald R. Watson, corporation counsel (John J.
Kearney, assistant corporation counsel), for motion.

W. A. Soye, in person, opposed.

GIEGERICH, J.  The city moves for an amendment of
this proceeding in accordance with a resolution passed
by the board of estimate and apportionment on June
13, 1912.  After commissioners of estimate and the

commissioner of assessment had been appointed herein the board of estimate and apportionment passed a resolution excluding from the lines of the streets as laid out on the final map of the city of New York certain lands which the commissioners of estimate and commissioner of assessment had been previously appointed to condemn. Such resolution was adopted pursuant to section 442 of the Greater New York Charter, which provides: " The board of estimate and apportionment is authorized and empowered, whenever and as often as it may deem it for the public interest so to do, to change the map or plan of the city of New York, so as to lay out new streets, parks, bridges, tunnels and approaches to bridges and tunnels and parks, and to widen, straighten, extend, alter and close existing streets." After such change was made in the lines of the streets by the resolution of the board of estimate and assessment it became necessary, of course, to make a suitable amendment in this proceeding, and accordingly this motion was brought on pursuant to section 974 of the Greater New York Charter, which in part provides: " Said court shall have power at any time to amend any defect or informality in any special proceeding authorized by this title that may be necessary, or to cause property affected by said defect, informality or lack of jurisdiction to be excluded therefrom, or other property affected by said defect, informality or lack of jurisdiction to be included therein by amendment." On the return day of the motion one W. A. Soye appeared in person and entered certain protests, which are embodied in a memorandum submitted by him. Mr. Soye appears to be the owner of the premises located on Bronx Park avenue, between Walker avenue (West Farms road) and East One Hundred and Eightieth street. In the original form of the proceeding the commissioners were appointed to ac-

quire title to this portion of Bronx Park avenue to a width of eighty feet. The proposed amendment reduces the width of such portion to sixty.feet. Mr. Soye asks that the portion of Bronx Park avenue between Walker avenue and East One Hundred and Eightieth street be omitted from the proceeding. The board of estimate and apportionment, under the authority of said section 442 of the charter, having decided that it was for the public interest that the lines of the streets to be acquired should be changed, this court has no power to alter such determination (Matter of William & Anthony Sts., 19 Wend. 678, 681; Matter of John & Cherry Sts., Id. 659, 667; Matter of Albany St., 11 id. 149, 151; Wiggin v. City of New York, 9 Paige, 16), and its function on the present motion is solely to conform this proceeding to the resolution of that board changing the lines of the street. The motion to amend should, therefore, be granted.

Motion granted.